UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
MIR ENTERPRISES, LLC, *et al.*,      )
                       Plaintiffs, )
        v.                                          )
CITY OF BRIER, *et al.*,                  )
                       Defendants. )
_____)

No. C09-1051RSL

ORDER DENYING DEFENDANTS' FIRST MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on "Defendants' First Motion and Memorandum for Partial Summary Judgment Based on Statute of Limitations." Dkt. # 23. Defendants City of Brier, City of Brier City Council, and Robert Colinas seek dismissal of all of the claims against them. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**A. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has

ORDER DENYING DEFENDANTS' FIRST
MOTION FOR SUMMARY JUDGMENT

satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

**B.  42 U.S.C. § 1983**

Plaintiffs have asserted claims under the Due Process Clause of the Fourth and Fourteenth Amendments to the United States Constitution. Section 1983 of the Civil Rights Act of 1964 provides the means to vindicate such claims. The statute creates a federal cause of action against any person who, acting under color of state law, deprives another of a right, privilege, or immunity secured by the Constitution or the laws of the United States. See, e.g., Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003). Section 1983 does not create substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." Graham v. Conner, 490 U.S. 386, 393 (1989). Claims for constitutional violations under § 1983 must be filed within three years of the date the claim accrued. Wilson v. Garcia, 471 U.S. 261, 279-80 (1985); RCW 4.16.080(2). Because this action was filed on May 9, 2006, defendants argue that plaintiffs are barred from seeking damages for any constitutional claims that accrued before May 9, 2003.

This dispute was more than a decade old when plaintiffs filed their original complaint. In September 1995, plaintiffs applied to the City of Brier for permission to subdivide a 2.5 acre parcel into six single-family residential lots. The City requested additional information regarding an easement on the property, conducted an environmental review, and

held a public hearing to consider the application. When the application came before the Brier City Council for approval in July 1996, the documentation regarding the easement was deemed insufficient, and the City delayed consideration of the application for four years. During this period, plaintiffs requested two variances, one of which was granted and the other of which was never acted upon.

On July 7, 2001, plaintiffs filed a second (or possibly third) application for permission to subdivide the same property into the same six single-family lots.[1] The City again requested information regarding the easement, conducted a second environmental review, and held additional public meetings. When the matter again came before the City Council, the Council accepted public testimony and repeatedly tabled consideration of plaintiffs' application. The City Council did not resolve plaintiffs' application until April 11, 2006, when it voted to approve the development with significant conditions as set forth in Resolution 476. This action was filed in Snohomish County on May 6, 2006. Prior to removal to federal court, the state court determined that the City had violated RCW 36.70B.050 by holding numerous open record hearings on the same proposal and that it may have violated the ninety-day limitation of RCW 58.17.140. After reviewing Resolution 476, the state court also found that some of the conditions imposed therein were unsupported and struck them.

Based on the above facts, plaintiffs' allege that defendants arbitrarily and capriciously delayed their building project, imposed conditions on their permit, and charged excessive and unnecessary fees. Amended Complaint (Dkt. # 1) at ¶ 65. The permit conditions and fees were imposed through Resolution 476. Plaintiffs' substantive due process claims regarding the conditions and fees therefore accrued when Resolution 476 was approved,

---

[1] The practical and legal justification for filing a duplicative application is not clear from the record. Plaintiffs allege that they "[f]ear[ed] that the original plat application would expire . . . ." Amended Complaint (Dkt. # 1) at ¶ 32. Defendants, apparently relying on Brier Municipal Code 16.24.015, assert that the 1995 and 1998 applications had expired or become invalid, requiring the submission of a new application and the payment of additional fees.

ORDER DENYING DEFENDANTS' FIRST
MOTION FOR SUMMARY JUDGMENT                -3-

1 approximately three weeks before this action was filed.  Defendants offer no facts or analysis
2 that could support a finding that these claims were untimely.

3       Whether plaintiffs' delay claim was timely-filed is more difficult to ascertain.  A
4 simple violation of state law, such as the ninety-day limitation set forth in RCW 58.17.140, does
5 not necessarily give rise to a constitutional violation.  In the land use context, "only egregious
6 official conduct can be said to be arbitrary in the constitutional sense:  it must amount to an
7 abuse of power lacking any reasonable justification in the service of a legitimate governmental
8 objective."  Shanks v. Dressel, 540 F.3d 1082, 1088 (9th Cir. 2008) (internal quotation marks
9 omitted).  The question, then, is when did defendants' failure to act on plaintiffs' application
10 cross the line from tortious delay to an unconstitutional abuse of power?

11       Defendants argue that any claim arising out of their failure to act on the 1995 and
12 1998 applications must have accrued in those years.  But that is not necessarily the case.  For
13 instance, if plaintiffs failed to pay required fees with their 1995 application or defendants
14 requested, but did not receive, additional information in support of the 1998 application, a
15 significant portion of defendants' delay in processing the applications might be justified by
16 legitimate governmental objectives.  In such circumstances, plaintiffs' delay claim may not have
17 accrued until much later, when the unexplained and unjustified periods of delay accumulated to
18 such an extent that they constituted an abuse of power.  Determining when the delay became
19 arbitrary and capricious will involve consideration of facts not currently before the Court, such
20 as the length of any delay caused by plaintiffs, the reasonableness of defendants' requests for
21 additional information, and the government's objectives throughout the process.[2]

---

23    [2] Because the Court is unable to determine when plaintiffs' delay claim accrued, it need not
24 decide whether the claim is more akin to a discrimination claim under Title VII (in which case time-barred acts cannot be used to establish liability) or a hostile work environment claim (in which case the
25 unlawful act is, by its very nature, a single lengthy occurrence justifying consideration of otherwise
time-barred events).  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002); Carpinteria
26 Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822, 829 (9th Cir. 2003).

ORDER DENYING DEFENDANTS' FIRST
MOTION FOR SUMMARY JUDGMENT      -4-

**C. RCW 64.40**

>Pursuant to RCW 64.40.020(1):
>
>Owners of a property interest who have filed an application for a permit have an action for damages to obtain relief from acts of an agency which are arbitrary, capricious, unlawful, or exceed lawful authority, or relief from a failure to act within time limits established by law:  PROVIDED, That the action is unlawful or in excess of lawful authority only if the final decision of the agency was made with knowledge of its unlawfulness or that it was in excess of lawful authority, or it should reasonably have been known to have been unlawful or in excess of lawful authority.

Any action under RCW 64.40.020(1) can be "commenced only within thirty days after all administrative remedies have been exhausted."  RCW 64.40.030.  Defendants argue that any claim related to the 1995 and 1998 permit applications is now barred because the "application for a permit" at issue in this case is the application submitted in July 2001.

Whether plaintiffs' 1995 and 1998 permit applications were processed to conclusion is a disputed issue of fact.  Defendants argue that these applications expired or became invalid pursuant to Brier Municipal Code 16.24.015 and that plaintiff was informed that no further action would be taken on these applications in March 2003.   Under this version of the facts, plaintiff should have commenced an action under RCW 64.40.020(1) within thirty days of the March 2003 denial of the applications.  Plaintiffs, however, point out that the March 2003 notification letter is undated, and they state that they "did not receive a copy of this letter and had never seen it before" litigation was initiated.  Decl. of Vladan Milosavljevic (Dkt. # 28) at ¶ 16.  Under this version of events, all of plaintiffs' applications were outstanding (i.e., had not been administratively resolved) until the Brier City Council adopted Resolution 476 in April 2006.  Because the Court is unable to determine as a matter of law when plaintiffs' administrative remedies related to the 1995 and 1998 were exhausted, defendants are not entitled to summary judgment on this issue.

1          For all of the foregoing reasons, defendants' motion for summary judgment related
2 to the statutes of limitation is DENIED.

3

4          Dated this 22nd day of September, 2010.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS' FIRST
MOTION FOR SUMMARY JUDGMENT      -6-